1  Richard L. Nolan
   4650 W. Carla Vista Drive
2  Chandler, AZ 85226-2912
   (480)699-8866 (Home)
3  (602) 828-0228 (Cell)

4

5

6           IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8
   Richard L. Nolan,            )
9                               )
           Plaintiff,            )
10                              )   CV 08-1884-PHX-JAT
   vs.                          )
11                              )
   Department of the Interior)      COMPLAINT
12 Dirk Kempthorne, Secretary)
                                )
13                              )
           Defendant.            )
15                              )
                                )
16
                        **Jurisdiction**
17
   U.S. Government Defendant (See attached decision)
18 EEOC Petition No. 0320080052
   MSPB No. DE075207014213
19
                         **Complaint**
20
   Appeal of EEOC & Merit Systems Protection Board
21 (MSPB)decisions concerning reprisal and wrongful
   termination of employment (civil rights,
22 employment,[442]).

23

1

**Demand**

1. The Agency will reinstatement the plaintiff to the position of Program Manager (Quality of Work Life), GS-0301-13, step 10, at the BLM Arizona State Office. The effective date will be December 6, 2006.

2. The plaintiff will be paid all lost wages and other benefits of employment, including lost merit or COLA raises.

3. The Agency must agree to take no reprisal or retaliatory action(s) against the plaintiff for exercising his statutory rights.

4. The Agency must agree to abide by both by the letter and intent of the EEO Settlement Agreement, dated February 11, 2000. The resolution agreement was signed by the plaintiff as well as Denise Meredith, State Director at that time, and Melodee Stith, who was, at the time, Department of the Interior (DOI) Director of the Office of Equal Opportunity (OEO). The terms of that agreement provide:

   a. The Agency may not change the duties of the plaintiff's former position description without his consent and written agreement;

   b. The Agency must renegotiate the plaintiff's supervisory reporting relationship since his previous manager, Lonna O'Neal, is no longer employed by the Agency;

   c. The plaintiff's duty station will remain in the Phoenix, Arizona metropolitan area and that the duty location will be a commuting distance no further than the distance his was commuting at the time of the settlement;

   d. The Agency will not make any attempt to change the plaintiff's duty station during his tenure with the Bureau of Land Management, or the Department of the Interior;

   e. The plaintiff's Official Personnel Folder (OPF) shall continue to be maintained by the National Human Resources Management Center in Denver, Colorado and

1    not at the BLM Arizona State Office or any other location;

2

    f.   In the event the position currently referred to as

3    the "BLM Arizona Human Resources Officer" results in an upgrade to the GS-14 level at any time during the

4    plaintiff's tenure with the Bureau of Land Management or the Department of the Interior, he will be promoted

5    to the same grade non-competitively. The promotion action will be effective the same date as the

6    promotion of the Human Resources Officer;

7    g. The plaintiff will retain a private office with a door and will experience no loss in status;

8

    h.   The plaintiff will continue to participate in the

9    BLM Arizona On-going Telecommuting Program from two to five days per week, as agreed upon with his immediate

10   supervisor.

11   5.   The Agency will to issue the plaintiff a STAR award in the amount of 5% of his annual salary,

12   $90,692.00 equal to $ 4,534.60 for the annual rating period October 1, 2003 - September 30, 2004.

13

    6.   The Agency will issue the plaintiff a STAR award

14   in the amount of 5% of his annual salary, $93,643.00 equal to $ 4,682.15 for the annual rating period

15   October 1, 2004 - September 30, 2005.

16   7.   The Agency will issue the plaintiff a STAR award in the amount of 5% of his annual salary, $96,404.00

17   equal to $4,820.20 for the annual rating period October 1, 2005 - September 30, 2006.

18

    8.   The Agency will contract for and complete a BLM

19   Arizona all employee satisfaction survey, providing the plaintiff with a copy of the report immediately

20   upon receipt of the report from the vendor.

21   9.   The Agency will provide the plaintiff with the Quality of Work Life Team's request for the Awards

22   Distribution Report for fiscal years 2003, 2004, 2005, and 2006 in the format requested.

23

24

10. The Agency will provide the plaintiff with a complete and unredacted copy of the Human Resources NHRMC Review conducted in March, 2005.

11. The Agency will reinstate the plaintiff access to the BLM Arizona OPF room.

12. The Agency will reinstate the plaintiff's access to the BLM Arizona Alpha Roster.

13. The Agency will reinstate the plaintiff access to the BLM Arizona Organization Rosters.

14. The Agency will provide the information requested regarding the BLM Arizona separations information in the future and for the fiscal years 2002 to the present. The plaintiff will have access to all exit interviews and separated employees' chronology copies of the SF-50's.

15. The Agency will ensure that the plaintiff will not be blocked from accessing websites he needs in order to perform his official duties.

16. The Agency agrees no other obstacles will be placed in the plaintiff's career path that will adversely affect his ability to successfully perform the duties of his official position description and he shall have access to all information and data available to the employees of the BLM Arizona Human Resources Office. The Agency will notify those applicable employees of the Agency of his authorized access and be instructed to be cooperative in providing him with information.

17. The Agency agrees should contemplation occur of a change that will affect the plaintiff status or working conditions, the Agency will confer with the plaintiff and obtain input *prior* to any change.

18. The Agency will restore all sick leave used by the plaintiff as a result of the discrimination and reprisal actions taken by management from 2001 through 2006.

| | |
|---|---|
| 1 | 19. The Agency will reimburse the plaintiff all out of pocket medical expenses incurred by the plaintiff |
| 2 | as a result of the adverse actions taken against him. |
| 3 | 20. The plaintiff will be paid the lump sum $300,000.00 as compensatory damages. |
| 4 | |
| 5 | 21. The Agency will pay all of the plaintiff's attorney fees and costs incurred as a result of his filing of the charge(s) at issue. |
| 6 | |
| 7 | 22. The Agency will cancel the Retirement in Lieu of Removal personnel action, and expunge it from the plaintiff's Official Personnel Folder (OPF). |
| 8 | |
| 9 | 23. The Agency will restore the plaintiff's office space to pre-removal/retirement state with all/same contents and the office space will be located on the |
| 10 | 7th floor of the ASO. |
| 11 | 24. The Agency will restore the plaintiff to his managerial status and ensure he receives all |
| 12 | information distributed, electronic and otherwise, to the managers and supervisors in BLM Arizona. |
| 13 | |
| 14 | 25. The Agency agrees to allow the plaintiff to attend the second half of the Budget course that was canceled by Carl Rountree in 2005.  The training |
| 15 | course will be scheduled and funded within 3 months of his reinstatement. |
| 16 | |
| 17 | 26. The Agency agrees to issue the plaintiff a performance appraisal for fiscal year 2006.  The plaintiff will receive a rating of 5 on both critical |
| 18 | elements, and his annual overall rating of record will be exceptional, level 5. |
| 19 | |
| 20 | |
| 21 | Dated:   October 14, 2008 |
| 22 | *Richard L. Nolan* |
| 23 | _____<br>Signature |

```
 1    Richard L. Nolan
      4650 W. Carla Vista Drive
 2    Chandler, AZ 85226-2912
      (480)699-8866 (Home)
 3    (602) 828-0228 (Cell)

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22
```



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Richard L. Nolan,
Petitioner,

v.

Dirk Kempthorne,
Secretary,
Department of the Interior,
Agency.

Petition No. 0320080052

MSPB No. DE0752070142I3

DECISION

Petitioner filed a timely petition with the Equal Employment Opportunity Commission asking for review of the final Order issued by the Merit Systems Protection Board (MSPB) concerning his claim of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*

In an appeal to the MSPB, petitioner alleged that he was discriminated against on the basis of reprisal for prior protected EEO activity when he was removed from his position for failure to accept a directed reassignment. Briefly, the evidence at the MSPB hearing showed petitioner worked as a Labor Relations Specialist with the Bureau of Land Management (BLM) until 2000. At that time, he entered into an EEO settlement agreement whereby he would work 50% of the time for BLM in Arizona and 50% of the time for the Office of Civil Rights (OCR) in Washington, D.C. Petitioner's full salary was paid for by BLM, and he was allowed to work remotely in OCR from Arizona. Starting in 2004, BLM faced budget restrictions became concerned with paying complainant's full-time salary for essentially a part time employee. Eventually, in 2006, it was determined that OCR could better utilize petitioner's skills full-time and OCR was willing to pay for petitioner's salary. In June 2006, petitioner was issued a letter directing his reassignment to the position of Special Emphasis Program Manager with OCR, requiring him to move to Washington, D.C. at agency expense. Petitioner turned down the directed reassignment and was then removed effective December 5, 2006.

The MSPB Administrative Judge (AJ) issued an initial decision finding that the agency had a legitimate reason to reassign petitioner. The AJ specifically found that the settlement agreement did not detract from the legitimacy of the reassignment, noting that the reassignment came six years after the signing of the agreement. The AJ noted that other employees could do petitioner's work and that OCR needed petitioner for full time work. Finally, the AJ found that petitioner did not establish a nexus between his EEO activity and the action in removing him. Petitioner sought review by the full Board, which denied his petition. Petitioner then filed the instant petition.

EEOC regulations provide that the Commission has jurisdiction over mixed case appeals on which the MSPB has issued a decision that makes determinations on allegations of discrimination. 29 C.F.R. § 1614.303 et seq. The Commission must determine whether the decision of the MSPB with respect to the allegation of discrimination constitutes a correct interpretation of any applicable law, rule, regulation or policy directive, and is supported by the evidence in the record as a whole. 29 C.F.R. § 1614.305(c).

Based upon a thorough review of the record, it is the decision of the Commission to concur with the final decision of the MSPB finding no discrimination. The Commission finds that the MSPB's decision constitutes a correct interpretation of the laws, rules, regulations, and policies governing this matter and is supported by the evidence in the record as a whole.

### PETITIONER'S RIGHT TO FILE A CIVIL ACTION (W0408)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, **within thirty (30) calendar days** of the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z0408)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. See Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your

3

0320080052

time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
───────────────────────
Carlton M. Hadden, Director
Office of Federal Operations

SEP 1 1 2008
───────────────────────
Date

4                                                                    0320080052

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Richard L. Nolan
4650 W Carla Vista Dr
Chandler, AZ  85226


Sharon D. Eller, Director
Office of Equal Opportunity
Department of the Interior
1849 C St., NW #MS5221
Washington, DC  20240

Merit Systems Protection Board
Director, EEO
1615 M St., NW
Washington, DC  20419


SEP 1 1 2008
Date

_____
Equal Opportunity Assistant