**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Nolan,<br><br>    Plaintiff,<br><br>vs.<br><br>Dirk Kempthorne, Secretary of the Department of the Interior,<br><br>    Defendant. | No. CV 08-1884-PHX-JAT<br><br>**ORDER** |

Plaintiff Richard Nolan filed a Motion for Court Appointed Attorney on December 12, 2008. (Doc. #5). Based on Plaintiff's attachments to his original (Doc. #1) and Amended Complaints (Doc. #10), he made claims of discrimination before the Merit Systems Protection Board ("MSPB") and the Equal Employment Opportunity Commission ("EEOC"). The Court therefore will treat this matter as an employment discrimination case, but only for the purposes of deciding the Plaintiff's Motion (Doc. #5).

There is no constitutional right to appointed counsel for employment discrimination claims. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). But the 1964 Civil Rights Act "provides for appointment of counsel in employment discrimination cases in such circumstances as the court may deem just." *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981)(internal quotations omitted). In deciding whether to appoint counsel, the Court must consider: "(1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3)

1  whether the plaintiff's claim has merit." *Id*.

2  Plaintiff submitted a Declaration with his Motion that states he currently receives a
3  federal pension of $4703 monthly gross and owns a home. He calculates a negative net
4  worth for himself, however, because of the amounts owed on several credit cards. Plaintiff
5  does not list the amount he has to pay on each of those cards a month. Even though the
6  Plaintiff has credit card debt, the Court finds he has sufficient financial resources to retain
7  an attorney if he should choose to do so.

8  Plaintiff states in his Motion that he has attempted to make contact with "each of the
9  lawyer referral services in the State of Arizona, Maricopa County, outlined in the court
10  handout and I have not been successful." Plaintiff does not indicate whether he has
11  attempted to find counsel to represent him on a contingency basis. Nonetheless, the Court
12  finds he has made reasonable efforts to secure counsel.

13  The Court's discussion of the merits of Plaintiff's claim will also lead to a ruling on
14  Defendant's pending Motion to Dismiss Amended Complaint or in the Alternative Motion
15  for More Definite Statement (Doc. #13). Plaintiff's Amended Complaint (Doc. #10) reads,
16  in its entirety:

17  > I, Richard Nolan, Appellant, hereby file a petition to amend the initial filing of Wrongful Termination on December 5, 2006.
18  
19  > I hereby appeal the attached decision of the Equal Employment Opportunity Commission (EEOC) concerning Breach of Settlement Agreement. The settlement agreement is dated
20  > February 11, 2000 and is attached.

21  > The breach of settlement agreement appeal was initially filed with the Equal Employment Opportuni9th [sic] Commission
22  > (EEOC), Office of Federal Operations (OFO) on January 19, 2007, and (EEOC docket #0120071379). Nearly 21 months
23  > later, on September 16, 2008, I received a final decision by the EEOC OFO. That decision was a denial of reconsideration
24  > dated September 11, 2008 (Attached).

25  > The appellant hereby requests the court to appoint an attorney to represent me and waive any fees, costs, or other security.
26  
27  > **Jurisdiction**
28  > U.S. Government Defendant (See attached DENIAL)

- 2 -

1  EEOC Request No. 0520090058

2  Appeal No. 0120071379

3  **Complaint**

4  Appeal of EEOC decision - Breach of Settlement Agreement. Civil Rights, Employment, [442]}.

5  **Demand**

6  
7  Require the Agency (Bureau of Land Management Department of the Interior), comply with, and abide by the provisions of the settlement agreement dated February 11, 2000.  Order the Agency to reverse any and all actions taken after April 1, 2006, to the present, including, but not limited to, reinstatement of the plaintiff to the position he occupied at the BLM Arizona State Office on December 5, 2006, date of termination.
8  
9  
10 
11 Retain enforcement authority for any future violations or breaches.

12 (Doc. #10, pp.1-3).  Attached to the Amended Complaint is a decision of the EEOC.

13 Plaintiff's original Complaint purported to "appeal from" another EEOC determination and

14 contained a much longer "Demand" section.

15     First and foremost, Plaintiff cannot appeal final decisions of the EEOC to this Court.

16 Plaintiff must file a separate, independent claim over which this Court has jurisdiction.

17 Further, Plaintiff's pleading must meet the requirements of Federal Rule of Civil Procedure

18 8.  Under Rule 8, the complaint must contain, "a short and plain statement of the claim

19 showing that the pleader is entitled to relief."  Without some factual allegation in the

20 complaint, a Plaintiff cannot satisfy the requirement of providing not only "fair notice" of

21 the nature of the claim, but also the "grounds" on which the claim rests. *Bell Atlantic Corp.*

22 *v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 n.3 (2007).

23     Plaintiff's Amended Complaint falls far short of meeting Rule 8's minimal pleading

24 standards.  Plaintiff has not stated an adequate basis for jurisdiction and has not alleged his

25 legal theories for relief.  Nor does the Amended Complaint contain a short and plain

26 statement of the facts that would put Defendant on notice regarding the bases of his claims.

27 The Court cannot discern that Plaintiff's claim has any merit.  Because the Court finds that

28 Plaintiff has the financial resources to retain an attorney and that his current claim has no

1    merit, the Court will deny Plaintiff's Motion to Appointment an Attorney.

2        The Court's discussion of the merits of Plaintiff's claim naturally leads to a ruling on
3    Defendant's Motion to Dismiss/More Definite Statement.  The Court has stated that
4    Plaintiff's Amended Complaint does not meet the pleading requirements of Federal Rule of
5    Civil Procedure 8.  Rather than the dismiss the action, however, the Court will give Plaintiff
6    one more chance to amend his pleading.

7        The Court cautions Plaintiff that all his claims against Defendant must be in the
8    amended pleading.  Plaintiff cannot incorporate claims or arguments from earlier pleadings
9    – every thing must be in the Second Amended Complaint.  Also, Plaintiff must state his legal
10   theories for relief, i.e., violation of Title VII, etc., and must give a short, plain statement of
11   the facts that demonstrates entitlement to relief under those theories.  The Court warns
12   Plaintiff that if he fails to file the Second Amended Complaint, the Court will dismiss this
13   case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

14       Accordingly,

15       IT IS ORDERED DENYING Plaintiff's Motion for Court Appointed Attorney (Doc.
16   #5).

17       IT IS FURTHER ORDERED DENYING Defendant's Motion to Dismiss, BUT
18   GRANTING Defendant's Alternative Motion for More Definite Statement (Doc. #13).

19       IT IS FURTHER ORDERED that Plaintiff shall file his Second Amended Complaint
20   by Monday, April 27, 2009.  If Plaintiff does not file his Second Amended Complaint by that
21   date, the Clerk of the Court shall automatically dismiss this case pursuant to Rule 41(b)
22   without further order of the Court.

23       DATED this 3rd day of April, 2009.

_____
James A. Teilborg
United States District Judge