1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Richard Nolan,                    )    No. CV 08-1884-PHX-JAT
                                       )
10            Plaintiff,               )    **ORDER**
                                       )
11   vs.                               )
                                       )
12                                     )
     Ken Salazar, Secretary, Department of the )
13   Interior,                         )
                                       )
14            Defendant.               )
                                       )
15   _____

16          Plaintiff Richard Nolan filed the Second Amended Complaint (SAC) on April 27,

17   2009. (Doc. # 16.[1])  Defendant, Ken Salazar, Secretary of the Department of the Interior,

18   moved to dismiss Plaintiff's SAC for lack of subject matter jurisdiction, failure to state a

19   claim upon which relief may be granted, failure to set forth a short and plain statement of his

20   claims, failure to set forth claims in separate, numbered paragraphs, and failure to comply

21   with this Court's April 3, 2009 Order (Doc. # 15) instructing Plaintiff to file a proper claim.

22   (Doc. # 19.)  Plaintiff responded. (Doc. # 21.)  For the reasons set forth below, the Court will

23   grant Defendant's motion, and dismiss Plaintiff's SAC, with prejudice.

24

25   _____

26          [1] Plaintiff combines with the SAC a "Motion for Reconsideration of Denial of a Court
     Appointed Attorney," (Doc. # 16 at 42-44), and a "Request for Dispute Resolution," (id. at
27   44).  Plaintiff does not have any basis to urge this Court to reconsider its order denying a
     court appointed attorney, and, in any event, the contents of this order render that request
28   moot.  Similarly, Plaintiff's request for dispute resolution is moot.

# I.    PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on October 14, 2008. (Doc. # 1.)  The Complaint stated that it was an "Appeal of EEOC and Merit Systems Protection Board (MSPB) decisions concerning reprisal and wrongful termination of employment" (*id.* at 1), but provided no factual or legal basis for the claim.  Defendant filed a Motion for More Definite Statement on January 20, 2009.  (Doc. # 9.)  Plaintiff did not file a response to Defendant's motion, but instead filed an "Amendment to Initial Filing of October 5, 2008" on March 12, 2009.  (Doc. # 10.)  The Court interpreted this document as an Amended Complaint filed as a matter of right and denied Defendant's motion as moot.  (Doc. # 12.)

Plaintiff's amended complaint stated that it was an: "Appeal of EEOC decision - Breach of Settlement Agreement.  Civil rights, Employment" (Doc. # 10 at 2), but again provided no basis in fact or law for any relief.  On March 27, 2009, Defendant moved to dismiss for failure to state a claim, and in the alternative, moved for a more definite statement.  (Doc. # 13.)

On April 3, 2009, the Court denied Defendant's motion to dismiss, but granted Defendant's motion for a more definite statement, finding that Plaintiff's amended complaint fell far short of meeting Rule 8's minimal pleading standards.  (Doc. # 15 at 3.)  The Court directed the Plaintiff to file a second amended complaint in which he must "state his legal theories for relief, i.e., violation of Title VII, etc., and must give a short, plain statement of the facts that demonstrates entitlement to relief under those theories."  (*Id.* at 4.)

On April 27, 2009, Plaintiff filed a very lengthy SAC.  (Doc. # 16.)  On June 1, 2009, Defendant filed the current motion.  (Doc. # 19.)

# II.    DISCUSSION

Plaintiff's SAC begins with five pages setting forth the procedural history of this matter.  (Doc. # 16 at 1-5.)  Plaintiff then asserts that 5 U.S.C. § 7703 provides for the "judicial review" he asks this Court to supply. (*Id.* at 5.)  The next two pages are a confusing amalgam of citations to 5 U.S.C. § 2302, *Frey v. Department of Labor*, 359 F.3d 1355 (Fed.

Cir. 2004), and *Warren v. Department of Army*, 804 F.2d 654 (Fed. Cir. 1986), which may be an attempt to provide the standard for overturning the EEOC's decision. (*Id.* at 6-7.) Plaintiff then sets forth some conclusory statements that could be may be intended as allegations:

> I met [the] burden of proof, but the Agency has utterly failed to show that it had a legitimate reason to reassign me . . . [instead it was] done in an attempt to cause me to retire prematurely . . . . Definitely reprisal for my protected whistleblowing activity and of course the pending and uninvestigated EEO complaints against both Johnson and Zielinski.

(*Id.* at 8.) The next twenty-eight pages set forth factual background of the case. (*Id.* at 9-37.) Scattered within those pages is an additional allegation that Defendant breached a settlement agreement entered into in 2000. The four final pages set forth Plaintiff's demands for specific performance and over $500,000 in damages. (*Id.* at 38-41.)

The Court and Defendant have parsed through the vague, confusing, and rambling allegations in the SAC to attempt to identify Plaintiff's claims. Plaintiff may be attempting to bring a claim of discrimination in violation of Title VII, attempting to bring a claim for breach of settlement agreement, or both.

Defendant argues that the former should be dismissed for failure to state a claim under Rule 12(b)(6) and that the latter should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). As subject matter jurisdiction is a threshold issue, the Court will first address Plaintiff's claim for breach of settlement agreement.

## A. Claim for Breach of Settlement Agreement

### 1. Legal standard for 12(b)(1) motion to dismiss

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001); Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and can thus only hear those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v.*

1   *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

2       "It is to be presumed that a case lies outside this limited jurisdiction, and the burden

3   of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations

4   omitted). Accordingly, on a motion to dismiss for lack of subject matter jurisdiction pursuant

5   to Federal Rule of Civil Procedure 12(b)(1), the plaintiff must demonstrate that subject

6   matter jurisdiction exists to defeat dismissal. *Stock West, Inc. v. Confederated Tribes*, 873

7   F.2d 1221, 1225 (9th Cir. 1989).

8       As a general rule, the United States may not be sued unless it has waived its sovereign

9   immunity. *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 806 (9th Cir. 2003).

10  Accordingly, unless the United States consents to be sued, the Court lacks subject matter

11  jurisdiction over claims against the federal government. *United States v. Sherwood*, 312 U.S.

12  584, 586 (1941); *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998) ("The

13  question whether the United States has waived its sovereign immunity against suits for

14  damages is, in the first instance, a question of subject matter jurisdiction."). "A waiver of

15  the [f]ederal [g]overnment's sovereign immunity must be unequivocally expressed in

16  statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal

17  citations omitted). Moreover, the Court construes any ambiguities in the scope of such

18  waiver in favor of immunity. *Id.*; *State v. Williams*, 514 U.S. 527, 531 (1995).

19          *2. Analysis*

20      The SAC appears to contain Plaintiff's claim for breach of a settlement agreement that

21  resolved previous employment discrimination claims. Plaintiff alleges that he filed a

22  complaint in 1999, (Doc. # 16 at 14), and that he signed a settlement agreement resolving

23  these claims on February 11, 2000. (*Id.* at 15.) Plaintiff attached a copy of the settlement

24  agreement to the SAC. (Doc. # 16-2 at 13-15.) Plaintiff alleges that he was given a directed

25  reassignment that violated the settlement agreement. (Doc. # 16 at 31.) Plaintiff appealed

26  the decision, but the EEOC found that Defendant was in compliance with the terms of the

27  settlement agreement. (Doc. # 16-2 at 5-12.)

28                                  - 4 -

The United States has waived its sovereign immunity for certain claims of employment discrimination in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Title VII allows a federal employee to file a civil action within 90 days of receipt of an agency's final decision (or of the EEOC's disposition of an appeal from such an agency decision) "on a complaint of discrimination based on race, color, religion, sex or national origin brought under subsection (a) of this section . . . ." 42 U.S.C. § 2000e-16(c). Subsection (a), in turn, prohibits discrimination on those same grounds in "[a]ll personnel actions affecting employees . . . in executive agencies . . . ." 42 U.S.C. § 2000e-16(a).

Defendant argues that there is no express waiver of sovereign immunity for claims that a federal agency has breached a settlement agreement resolving Title VII discrimination claims, and, thus, district courts do not have jurisdiction over such claims. For this proposition, Defendant cites cases from the United States Courts of Appeal for the Fourth Circuit and the Tenth Circuit and from this Court. *Frahm v. United States*, 492 F.3d 258, 262 (4th Cir. 2007) (holding that the federal government's statutory waiver of sovereign immunity in Title VII cases "does not expressly extend to monetary claims against the government for breach of a Title VII settlement agreement); *Lindstrom v. United States*, 510 F.3d 1191, 1194-95 (10th Cir. 2007) (holding that there is no waiver of sovereign immunity for a claim for breach of a Title VII settlement agreement); *Curry v. Nicholson*, No. CV-06-1578-PHX-FJM, 2008 WL 2001267, at *3 (D. Ariz. May 7, 2008) (citing *Frahm* and *Lindstrom*).

On the other hand, some district courts have found that they have jurisdiction over this Title VII breach of settlement claims. *See Munoz v. England*, 557 F. Supp. 2d 1145, 1157-61 (D. Haw. 2008); *Kraft v. Johanns*, No. 1:04-CV-084, 2007 WL 2212890, at *11-12 (D. N.D. July 31, 2007). Indeed, boilerplate on the EEOC Decisions regarding Plaintiff's claim for breach of settlement agreement instructs him that he has "the right to file a civil action in an appropriate United States District Court . . ." (Doc. # 16-2 at 5, 12.)

Plaintiff, in his SAC and Response, has made no effort to prove that this court has

- 5 -

jurisdiction. As this Court presumes that all cases lie outside its limited jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377. Thus, an authoritative resolution to this jurisdictional question is unnecessary. Plaintiff has not carried his burden of showing that jurisdiction exists, and Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.

**B.     Claim for Title VII Discrimination**

*1. Legal standard for 12(b)(6) motion to dismiss*

To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In order to survive a motion to dismiss for failure to state a claim, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.* Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3 (citing Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1202 at 94-95 (2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Id.*

Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

When dealing with a pro se complainant, the pleadings must be construed liberally, and the plaintiff must be given the "benefit of any doubt." *Abassi v. I.N.S.*, 305 F.3d 1028, 1032 (9th Cir. 2002) (citations omitted). However, "even pro se plaintiffs must allege, with at least some degree of particularity, overt acts taken by [the] defendant which support his claims," *Rasidescu v. Midland Credit Mgmt., Inc.*, 435 F. Supp. 2d 1090, 1099 (S.D. Cal. 2006), and the court may not supply essential elements of the claim that were not pleaded, *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### 2. Analysis

Defendant argues that Plaintiff, even with the generous construction afforded to pro se litigants, has not stated a discrimination claim on which relief can be granted. Plaintiff's SAC contains some conclusory language that appears to indicate Plaintiff's desire to bring a discrimination claim for retaliation, but no legal theory that may support his claim of reprisal is set forth. Highlighting this failure is the Court's previous instruction that the Plaintiff file a second amended complaint that "state[s] his legal theories for relief, i.e., violation of Title VII, etc. . . . ." (Doc. # 15 at 4.)

For the sake of argument, Defendant presumes that Plaintiff is attempting to plead a case for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. In order for Plaintiff to sufficiently plead such a claim he would need to allege facts that would establish the elements a *prima facie* claim of retaliation under Title VII: 1) that he engaged in statutorily protected activity, 2) that the employer took an employment action adverse to plaintiff, and 3) that there is a causal connection between the protected activity

and the adverse employment action. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2005). Here, Plaintiff does specifically allege the protected activity of filing EEO complaints against Johnson and Zielinski, (Doc. # 16 at 8.), but fails to establish the other two prongs of a *prima facie* claim. The mere assertion that Plaintiff's directed reassignment was "definitely" retaliation for his whistleblowing and EEO complaints is not sufficient.

This omission illustrates the fact that Plaintiff's SAC is not remotely in compliance with Rule 8's minimal pleading standards. Despite the Court previously warning Defendant to comply with the pleading standards, (Doc. # 15 at 3-4), Plaintiff never makes a short and plain statement of any claim, nor does he set forth his claims in separate, numbered paragraphs in accord with Rule 10(b).

Thus, the Court finds that the SAC does not meet the minimal pleading requirements of the federal rules. Plaintiff has not identified the legal theory of his claim, provided sufficient factual allegations for what might be an attempted Title VII retaliation claim, or provided a short and plain statement. As the Court has already warned Plaintiff about the necessity of proper pleading and this is Plaintiff's second amendment, dismissal, with prejudice, pursuant to Rule 12(b)(6) is appropriate.

## III.   CONCLUSION

In summary, the Court GRANTS Defendant's motion to dismiss. First, as Plaintiff has not established this Court's jurisdiction over his claim for breach of settlement agreement, Defendant is entitled to dismissal of that claim pursuant to Fed. R. Civ. P. 12(b)(1). Further, Defendant is entitled to dismissal based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss Second Amended Complaint (Doc. # 16) is GRANTED WITH PREJUDICE.

*///*

*///*

IT IS FURTHER ORDERED that the Clerk is directed to enter judgment for Defendant and against Plaintiff, and to terminate this action.

DATED this 29th day of October, 2009.

James A. Teilborg
United States District Judge